FILED IN CHAMBERS
U.S.D.C. Rome

FEB 2 6 2007

JAMES N. HATTEN, Clerk
By: _____
                Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARVEY L. BOYD, Jr.,

    Plaintiff,

v.

GARY PEET, et al.,

    Defendants.

CIVIL ACTION

NO. 1:06-CV-2478-RLV

O R D E R

    This is an action pursuant to 42 U.S.C. § 1983, in which the plaintiff, a former law enforcement officer for the City of Stone Mountain, alleges violations of his constitutional rights by the Chief of Police, the Mayor of the City of Stone Mountain, and the City of Stone Mountain. Pending before the court are the defendants' Motion for Judgment on the Pleadings [Doc. No. 7-1] and the plaintiff's Motion for Extension of Time [Doc. No. 9]. For the reasons set forth below, the defendants' motion is GRANTED, and the plaintiff's motion is DISMISSED as MOOT.

    A judgment on the pleadings is warranted "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). A complaint is appropriately dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996). When

considering a motion for judgment on the pleadings, a reviewing court accepts the facts in the complaint as true and views them in a light most favorable to the nonmoving party.  Id.

The plaintiff's complaint raises four claims against the defendants: (1) violations of his due process and equal protection rights under the Fourteenth Amendment, (2) malicious prosecution, (3) violation of his right to free speech under the First Amendment, and (4) violation of his right to freedom of association under the First Amendment.

The complaint alleges a series of events surrounding the plaintiff's employment and termination as a police officer for the City of Stone Mountain.  Considered true and viewed in a light most favorable to the plaintiff, the following facts give rise to Count I and II of the complaint—the plaintiff's Fourteenth Amendment and malicious prosecution claims.

While serving as a police officer in Stone Mountain, Georgia, the plaintiff was being considered for a school safety officer position with DeKalb County.  Once the Chief of Police for the City of Stone Mountain, Troutman, learned that the plaintiff had been considering employment elsewhere, he took steps to terminate the plaintiff ostensibly because he felt that the plaintiff's search for other employment was a sign of disloyalty.  Perhaps lacking sufficient cause, Troutman proceeded to terminate the plaintiff based on allegedly false accusations, i.e., abuse of department

2

bicycles and untruthfulness. However, because the plaintiff elected to appeal his termination, the Stone Mountain Personnel Committee conducted a hearing, after which it found the plaintiff not guilty of Troutman's charges. Accordingly, it ordered the Stone Mountain police department to reinstate the plaintiff.

Subsequently, the Chief of Police and the Mayor, Troutman and Peet, moved the Personnel Committee to reconsider; that motion was granted on an ex parte basis. Eventually, the Committee reversed its earlier decision and approved the plaintiff's termination without allowing him an opportunity to rebut any new evidence that had been presented. At that point, the plaintiff appealed to the Superior Court of DeKalb County and, while that appeal was pending, the defendants allegedly took steps to have the plaintiff's law enforcement officer certification revoked.

The facts giving rise to Counts III and IV, the plaintiff's First Amendment claims, are less extensive. While both serving as a police officer for Stone Mountain and as a civilian after being terminated, the plaintiff reported concerns from various residents to city council members about the police department's inaction with respect to local drug houses and gambling. The complaint alleges that when the police chief, Troutman, learned that the plaintiff had been discussing the matter with a particular council member, Troutman advised the mayor, Peet, that he, Troutman, would not allow a city council member to be seen speaking with the plaintiff.

3

As a result, the complaint further alleges, Peet then chastised the council member and threatened disciplinary action.

First, this court addresses the plaintiff's Due Process and malicious prosecution claims. Although the defendants' motion spent considerable effort attacking the validity of these particular claims, the plaintiff nevertheless entirely failed to address them in his response brief. [Pl.'s Br. in Resp. to Defs.' Mot. to Dismiss, 5-14, Doc. No. 12-2.] Given these circumstances, where a complainant alleges but then fails to argue or brief certain claims in proceedings before the court, those claims are properly treated as abandoned. E.g., Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000). Accordingly, this court concludes that the plaintiff has abandoned his Due Process and malicious prosecution claims and that dismissal of those claims is appropriate.

Turning to the Equal Protection claim, this court must decide whether that claim has been properly pled. "[T]o properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately." Thigpen v. Bibb County, GA, Sheriff's Dept., 223 F.3d 1231, 1237 (11th Cir. 2000), abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). The plaintiff's Equal Protection claim (presented in conjunction with the Due Process claim) is pled as Count I and makes the following allegations:

4

### IV. CAUSES OF ACTION
#### COUNT ONE

45.

Plaintiff re-alleges and incorporates into Count One the numbered paragraphs of 1-44.

46.

That the City of Stone Mountain, in violating its own ordinances, laws, and regulations, have [sic] deprived the Plaintiff of his rights to equal protection and due process of law guaranteed under the Fourth Amendment [sic] to the Constitution of the United States, and made applicable to states pursuant to the Fourteenth Amendment.

47.

That the actions of Defendants Troutman and Peet in knowingly violating city ordinances, laws, and regulations constituted willful and malicious acts done with conscious disregard for the consequences such as to entitle the Plaintiff to punitive damages.

[Compl. 11-12, Doc. No. 1-1.]

The defendants argue that Count I fails to properly plead an Equal Protection claim because it does not allege any "similarly situated" person or group to which the plaintiff can be compared in determining whether he was treated disparately. In response, the plaintiff asserts that the complaint "has alleged that the Defendants, acting under color of state law, treated him differently than the other employees of the City of Stone Mountain by violating the city's own ordinances and policies." [Pl.'s Br. in Resp. 14, Doc. No. 12-2.] However, this court cannot see how the plain language of the complaint can be read to include allegations it clearly does not make.

Nowhere in Count I of the complaint does the plaintiff even name similarly situated individuals much less make any allegation that the defendants have treated him differently than others who

5

are similarly situated. Rather, the essence of the plaintiff's complaint is that the defendants denied him his rights to equal protection by not following their own rules and that the defendants knowingly violated the city's ordinances and law with no regard for the consequences, which is insufficient to establish an Equal Protection claim.

To support his strained reading of the complaint, the plaintiff cites nine paragraphs in the other sections of the complaint. However, none of these paragraphs allege the existence of other employees similarly situated as the plaintiff yet treated differently. Indeed, the cited paragraphs discuss only the plaintiff and the defendants. None of the facts alleged could support a reasonable factfinder's conclusion that there existed other employees of the city who were similarly situated as the plaintiff, much less treated differently. Therefore, the plaintiff has failed to properly plead an Equal Protection claim.

The plaintiff's First Amendment claims are also insufficiently pled. Counts III and IV allege that the defendants impermissibly retaliated against the plaintiff for exercising his constitutional rights of free speech and freedom of association.

Count III alleges that the plaintiff exercised his rights to free speech by "relaying reports from citizens of police misconduct to other police officers and to city counsel [sic] members," [Compl. 13.], and that the defendants punished the plaintiff for exercising his constitutional rights in this manner. To establish

6

a prima facie retaliation claim, the plaintiff must show that he (1) engaged in protected speech, (2) suffered an adverse employment action, and (3) that there is a causal link between the two events. E.g., Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002)(establishing a retaliation claim under Title VII); Stavropoulos v. Firestone, 361 F.3d 610, 620 (11th Cir. 2004)(concluding that a court may properly apply Title VII standards to First Amendment retaliation claims). The only element that the defendants assert has not been met is the third element, the causal link.

Although the complaint alleges that the defendants took actions to punish the plaintiff for speaking, it does not allege that they took those actions in response to his speech. As alleged, the facts in the complaint plainly state that Troutman fired the plaintiff after he had learned that the plaintiff had been considering other employment. It does not assert that Troutman fired the plaintiff because he had been speaking out about police misconduct or inaction. The first time that the complaint alleges any retaliation by the defendants for the plaintiff's speech is *after* he had been terminated. Moreover, the emphasis of the retaliation claim is on Troutman's actions attempting to limit a council member's access to the plaintiff because the plaintiff had been discussing the reports of police misconduct and inaction with him, not that the plaintiff was terminated in response to his speech. Thus, the plaintiff fails to sufficiently plead the causal

7

link between his speech and termination because he does not allege any fact that, if proven true, would show that the defendants knew of his speech before terminating him and then fired him because of that speech. Instead, Count III of the complaint merely alleges that the defendants took actions to punish the plaintiff for speaking. Therefore, the plaintiff's retaliation claim based on freedom of speech is insufficiently pled.

Count IV alleges that the defendants retaliated against the plaintiff for exercising his freedom of association under the First Amendment. The basis of this claim is the actions taken by Troutman to restrict the plaintiff, who was acting as a civilian because the actions occurred after he had been terminated as a police officer, from speaking with a city council member. The same three-prong inquiry is applied in determining whether a claim by a civilian for retaliation against exercising a First Amendment right is sufficiently stated: (1) that the speech or act is constitutionally protected, (2) that the defendant's conduct adversely affected the protected speech or act, and (3) that a causal link exists between the retaliatory conduct and the adverse effect on speech. Bennet v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). The complaint alleges that the defendant acted to prevent the plaintiff from being seen talking to a city council member because the plaintiff had been discussing the police department's alleged failure to act against local drug houses and gambling.

The first issue with Count IV is whether the plaintiff has sufficiently pled the second prong. The Eleventh Circuit has adopted the objective standard for determining whether a plaintiff has shown an adverse affect on protected speech or action: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Bennet, 423 F.3d at 1254.

The fatal error with the complaint in this regard is that it fails to allege facts which could reasonably support a finding that the defendants' conduct would likely deter an ordinary person from exercising their constitutional rights. The conduct that the plaintiff actually complains of is the defendants' conduct toward the city council member, not toward the plaintiff. Taken as a whole, the fundamental charge is that by the defendants' chastising the council member and stating that they would not tolerate the council member's being seen talking to the plaintiff the defendants somehow adversely affected the plaintiff's right of association. In other words, the plaintiff asserts that the defendants' conduct toward a third person somehow violated his right to freely associate even though the defendants took no action toward the plaintiff himself.

Noticeably absent from the plaintiff's allegations is any conduct toward him by the defendants. Thus, even if everything in his complaint were proven to be true, it would still not support a

9

finding that the defendants' actions toward him were of the kind that would prevent an ordinary person from exercising his constitutional rights. Accordingly, because the plaintiff does not allege any conduct on the part of the defendants toward the plaintiff that infringed his constitutional rights, this court concludes that he has failed to sufficiently plead Count IV of the complaint.

CONCLUSION

For the foregoing reasons, the defendants' Motion for Judgment on the Pleadings [Doc. No. 7-1] is GRANTED and the plaintiff's Motion for Extension of Time [Doc. No. 9] is DISMISSED as MOOT.

SO ORDERED, this 26th day of February, 2007.

*Robert L. Vining, Jr.*
ROBERT L. VINING, JR.
Senior United States District Judge